CFK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18-CV-5088

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4126 Beil Circle   Northampton PA 18067__

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

AIR

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is  ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __Nov 26, 2018__     _____   _____
                            *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Eva Marie Polkow__, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __Nov 26, 2018__    _____   _____
                           *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

FILED NOV 26 2018

CFK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Poliquin : CIVIL ACTION
:
v. :
:
Lehigh Valley Health Network, et al : NO. 18 CV-5088

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

Nov 26, 2018                    [signature]
_____              _____              _____
Date                      Attorney-at-law                   Attorney for

_____              _____              _____
**Telephone**             **FAX Number**                    **E-Mail Address**

(Civ. 660) 10/02

FILED NOV 2 6 2018

$400 CFK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

_EvaMarie Poliquin,_

*Full name(s) of Plaintiff(s)*

v.

Lehigh Valley Health Network, Inc., d/b/a
Lehigh Valley Health Network and Lehigh
Valley Hospital,

*Full name(s) of Defendant(s)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

CIVIL ACTION
NO. 18-CV-5088

This action is brought for discrimination in employment pursuant to (check only those that apply):

- **X**   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   *NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- ____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
   *NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

- ____   Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
   *NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- **X**   Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

-1-

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

### I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name: EvaMarie Poliquin,
Street Address: 4126 Beil Circle
County, City: Northampton County, Northampton
State & Zip: Pennsylania 18067
Telephone Number: 484-547-4770

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant  Name: Lehigh Valley Health Network, Inc., d/b/a Lehigh Valley Health Network and Lehigh Valley Hospital
Street Address: 1200 South Cedar Crest Boulevard
County, City: Leghigh County, Allentown
State & Zip: Pennsylvania 18103
Telephone Number:

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Lehigh Valley Hospital
Street Address: 242 Pilbert St.
County: Lehigh Valley
City: Alburtis
State & Zip: Pennsylvania
Telephone Number:

### II. Statement of the Claim

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

\_\_\_\_ Failure to hire me

_X_ Termination of my employment

_X_ Failure to promote me

-2-

|   |   |
|---|---|
| \_\_\_\_ | Failure to reasonably accommodate my disability |
| X | Failure to reasonably accommodate my religion |
| \_\_\_\_ | Failure to stop harassment |
| \_\_\_\_ | Unequal terms and conditions of my employment |
| X | Retaliation |
| \_\_\_\_ | Other (specify):_____ |

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.  It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) December , (day) 21 , (year) 2012 .

C.  I believe that the defendant(s) (check one):

  X   is still committing these acts against me.
  \_\_\_\_ is **not** still committing these acts against me.

D.  Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

  \_\_\_\_ race _____     \_\_\_\_ color _____
  X    religion _____      \_\_\_\_ gender/sex _____
  \_\_\_\_ national origin _____
  \_\_\_\_ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.  The facts of my case are as follow (*attach additional sheets of paper as necessary*):

I asked for a religious accommodation from the mandatory flu shot required by my employer, but was denied the accommodation and was demoted to a much lower salary, and after I applied for my first religious accommodation and filed my first discrimination charge with EEOC, the hospital retaliated against me by again denying another request for accommodation and denying my more than 100 applications for other employment with the employer.

NOTE: *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: _____ (*Date*).

B. The Equal Employment Opportunity Commission (*check one*):

  \_\_\_\_ has not issued a Notice of Right to Sue Letter.
  **X** issued a Notice of Right to Sue Letter, which I received on August 27, 2018 (*Date*).

  NOTE: *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *Only plaintiffs alleging age discrimination must answer this question.*

  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

  \_\_\_\_ 60 days or more have passed.
  \_\_\_\_ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: May 31, 2013, and December 11, 2014 (*Date*).

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

  **X** One year or more has passed.
  \_\_\_\_ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

- \_\_\_\_ Direct the defendant to hire the plaintiff.
- \_\_\_\_ Direct the defendant to re-employ the plaintiff.
- **X** Direct the defendant to promote the plaintiff.
- \_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
- **X** Direct the defendant to reasonably accommodate the plaintiff's religion.
- \_\_\_\_ Direct the defendant to (*specify*):_____
- **X** If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
- \_\_\_\_ Other (*specify*):_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26 day of November, 2018

Signature of Plaintiff
Address   4126 Beil Circle
          Northampton, PA 18067

Telephone number   484-547-4770
Fax number (*if you have one*)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2606, 2632, 2848 & 2604
Website: www.eeoc.gov

EEOC Charge Numbers: 530-2013-01290, 530-2015-00574

Eva Marie Poliquin
P. O. Box 754
Cherryville, PA 18035

       Charging Party

LEHIGH VALLEY HOSPITAL AND HEALTH NETWORK
234 North 17th Street
Allentown, PA 18104

       Respondent

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), I issue the following Determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

Charging Party began working for Respondent in 1997, and most recently held the position of Radiologic Technician. In the Fall of 2012, Respondent revised its flu vaccination policy to mandate that all employees in positions deemed to involve patient contact must receive a flu shot as a condition of their employment, unless they seek and receive from Respondent an exemption from the vaccination requirement for reasons of medical contraindication or religious objection.

Charging Party alleges that she holds a sincere religious belief against receiving the influenza vaccination and against the use of medications generally, and she further alleges a religious practice and observance of abstaining from vaccination and medication in favor of healing by religious faith. Charging Party further alleges that she sought a religious exemption from Respondent's mandatory influenza vaccination, a request that Respondent denied, and that as result of that denial and her refusal to receive the vaccine Respondent removed her from her previous position as a Radiologic Technician, a position that Respondent classified as a patient contact job, and instead placed her in a materially different and inferior position. Additionally, Charging Party alleges that in August 2013, Respondent denied her employment as an EPIC Software Educator, another position Respondent deemed to involve patient contact, because Respondent again refused to accommodate her religion by granting an exemption to its mandatory influenza vaccination policy. Charging Party also alleges retaliation for engaging in protected activities.

**EXHIBIT 1**

Respondent asserts that Charging Party did not have a "bona fide" religious belief consistent with Title VII and that her beliefs were secular. Therefore, her request not be vaccinated was denied and she was demoted from Radiologic Technician to a position that limited her patient contact. Respondent further asserts that Charging Party was denied the EPIC Software Educator position that she sought because of her failure to comply with its mandatory flu vaccination policy. Respondent denies that any retaliation took place.

The Commission's analysis of the evidence in this matter demonstrates the following:

First, Charging Party has a sincerely held religious belief against receiving vaccinations, including the influenza vaccination, and against taking medications generally. Charging Party also maintains a related religious practice or observance of abstaining from vaccination or medications in favor of healing by faith.

Second, Charging Party's sincerely held religious belief, practice and observance conflicts with Respondent's mandatory influenza vaccination policy. A requirement that Charging Party receive the flu vaccine is clearly inconsistent with her sincerely held religious beliefs as well as her practice and observance of abstaining from such vaccination for religious reasons.

Third, Charging Party sought from Respondent a reasonable accommodation regarding its influenza vaccination requirement in the form of an exemption from that requirement.

Furthermore, Charging Party was subjected to multiple adverse actions because of her religion. Respondent refused to grant a reasonable accommodation to Charging Party, instead denying her exemption request, mandating that she receive the flu vaccine, removing her from her position as a Radiologic Technician because did not comply with Respondent's demand that she be vaccinated, and then denying her a position as an EPIC Software Educator for the same reasons.

Finally, the evidence demonstrates that Respondent unlawfully denied religious exemptions sought by a class of employees with sincerely held religious beliefs, practices and observances that conflict with Respondent's mandatory influenza vaccination requirement and subjected them to adverse actions such as demotion and discharge because of Respondent's failure to reasonably accommodate their religion. Respondent's decision-making concerning those denials of religious exemption has been characterized by a failure to apply various controlling principles of law in this area, including but not limited to failure or refusal to adhere to the correct legal standard for identifying "religion" or whether it is sincerely held as defined by Title VII and controlling case law; failure or refusal to recognize where a conflict exists with a religious belief, practice or observance; and failure or refusal to properly engage in the bilateral, cooperative process required by Title VII.

Based on the evidence in this matter and legal positions concerning reasonable accommodation of religion taken by Respondent during the investigation, the Commission further infers that Respondent's practice of unlawfully denying its employees reasonable accommodation for religion in the form of exemption from its mandatory flu vaccination requirement and its practice of subjecting those employees to adverse action resulting from such accommodation denial has persisted since 2012 and is presently on-going.

EXHIBIT 1

The Commission notes that Respondent does not assert that exemptions from its mandatory flu vaccination policy constitute an undue hardship. Respondent's own policy provides for exemptions from the flu vaccination requirement for workers deemed to hold patient contact positions, and its policy further provides for alternative patient protection measures such as the wearing of a surgical mask. Indeed, in response to an EEOC investigative subpoena Respondent has produced evidence that it has, at least in some instances, granted religious exemptions from the flu vaccination requirement to workers in patient contact positions. It also appears that Respondent may have granted some exemptions for medical contraindication. There has been no evidence presented that granting religious exemptions would pose an undue hardship.

Based on the foregoing analysis, I find that there is reasonable cause to believe that Respondent subjected Charging Party to multiple denials of reasonable accommodation for her religious belief, practice and observance in violation of Title VII. I further find that there is reasonable cause to believe that Respondent subjected Charging Party to removal from her position as Radiologic Technician and denial of a position as EPIC Software Educator as a consequence of its unlawful failure to reasonably accommodate her religion and because of her religion in violation of Title VII.

Additionally, arising out of the investigation of this matter, I find that there is reasonable cause to believe that since at least Fall of 2012 and continuing to the present, Respondent has subjected a class of presently identified and unidentified employees deemed to be in patient contact positions to denial of reasonable accommodation for their religious beliefs, practices and observances in violation of Title VII. I further find that there is reasonable cause to believe that since at least Fall of 2012 and continuing to the present, Respondent has subjected a class of employees deemed to be in patient contact positions to adverse actions including removal from their positions (e.g., demotion) and discharge as a consequence of its unlawful failure to reasonably accommodate their religions and, therefore, because of their religions in violation of Title VII. The aforementioned practices are on-going.

The Commission makes no findings concerning any other allegations set forth in the subject charge of discrimination.

Upon finding reasonable cause that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. Forthcoming is a proposed conciliation agreement designed to remedy the unlawful employment practices found to have occurred in this Letter of Determination. Respondent is invited to respond to this proposal within 15 days of receipt. If Respondent fails to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

During the aforementioned conciliation process, the Commission will discuss with Respondent the identities of aggrieved persons for whom it seeks victim-specific relief as well as a procedure for Respondent to disclose further information to the Commission to assist in the identification of

additional, presently unidentified persons aggrieved by Respondent's employment practices identified above.

The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation. The Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

6/15/2018
Date

*Jamie R. Williamson*
Jamie R. Williamson
District Director

cc: Glenn Guanowsky, Attorney for Respondent
cc: Seth Krause, Attorney for Charging Party
cc: Jennifer N. Cappozzola, Attorney for Respondent

**EXHIBIT 1**

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
(CONCILIATION FAILURE)

| To: | Eva Marie Poliquin<br>P. O. Box 754<br>Cherryville, PA 18035 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-01290 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Jamie R. Williamson,_
District Director

8/27/2018
(Date Mailed)

Enclosures(s)

cc: Glenn Guanowsky
Vice President, Legal Services
LEHIGH VALLEY HOSPITAL AND HEALTH NETWORK
234 North 17th Street
Allentown, PA 18104

Seth Kraus
GIBBS & ASSOCIATES LAW FIRM, LLC
5412 Courseview Drive, Suite 122
Mason, OH 45040

<u>EXHIBIT 2</u>

Enclosure with EEOC
Form 161-A (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT 2

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: **Eva Marie Poliquin**
P. O. Box 754
Cherryville, PA 18035

From: **Philadelphia District Office**
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-00574 | Legal Unit, Legal Technician | (215) 440-2828 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson* (signature)

8/27/2018

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc: **Glenn Guanowsky**
Vice President Legal Services
LEHIGH VALLEY HOSPITAL & HEALTH SERVICES
234 North 17th Street
Allentown, PA 18104

**Seth Kraus, Esq.**
GIBBS & ASSOCIATES LAW FIRM, LLC
5700 Gateway Blvd., Suite 400
Mason, OH 45040

**EXHIBIT 3**

Enclosure with EEOC
Form 161-A (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**EXHIBIT 3**